UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20204-RAR

**UNITED STATES OF AMERICA**,

v.

**DEMETRIS KEWAN MACKIE**,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION
## FOR JUDGMENT OF ACQUITTAL AND MOTION FOR NEW TRIAL

**THIS CAUSE** comes before the Court upon Defendant Demetris Kewan Mackie's First Motion for Judgment of Acquittal ("FMJA"), [ECF No. 78], and First Motion for New Trial ("FMNT"), [ECF No. 77], filed on October 20, 2023 (collectively, "Motions"), after a jury found him guilty of violating 18 U.S.C. § 922(g)(1) on October 13, 2023 ("Verdict"), [ECF No. 66]. The Court has carefully reviewed the Motions, the Government's Omnibus Response in Opposition ("Response"), [ECF No. 81], the record, and the applicable law. As explained herein, it is hereby

**ORDERED AND ADJUDGED** that Defendant's First Motion for Judgment of Acquittal, [ECF No. 78], and First Motion for a New Trial, [ECF No.77], are **DENIED**.

## BACKGROUND

On May 11, 2023, a federal grand jury returned a one-count Indictment ("Indictment"), [ECF No. 12], charging Defendant with knowingly possessing a firearm and ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1). Indict. at 1. The Indictment also charged Mackie with qualifying for the Armed Career Criminal Act ("ACCA") penalty provision codified at 18 U.S.C. § 924(e). *Id.* The charges arose from law enforcement's investigation of a shooting that occurred on April 12, 2023, which the Government suspected Defendant of perpetrating. *See generally* [ECF No. 3]. Beginning on October 11, 2023, Defendant went to trial on the

Indictment's sole count—that Defendant was a convicted felon in unlawful possession of a firearm and ammunition ("Count 1"). *See* [ECF No. 60]. On October 13, 2023, the jury found Defendant guilty of Count 1, *see* Verdict, and immediately after, the same jury also returned a Special Verdict, [ECF No. 69], finding Defendant had three previous felony convictions, *see* Spec. Verd. at 1, which qualify him for the ACCA enhancement and require the Court to impose a mandatory minimum 15-year sentence. *See* 18 U.S.C. § 924(e)(1).

In his FMJA, Defendant first "renews all prior motions and objections" including his previously advanced motions to dismiss pursuant to the Second Amendment, the Fifth Amendment's Double Jeopardy Clause, and the Eighth Amendment. FMJA ¶ 2. In support of acquittal, Defendant argues he "was never identified by any witness at the shooting on April 12, 2023"; that "the recorded statement of the alleged victim described a person different than defendant"; and that "[n]o DNA or fingerprint evidence was collected at the crime scene linking defendant to the shooting." FMJA ¶ 4. Defendant further argues that "[a]s to April 20, 2023, neither defendant's finger prints nor DNA was found on the firearm"; that the "government's DNA expert testified that there were at least 4 persons who had 'contact' with the firearm prior to April 20, 2023"; that there "were no ID documents for defendant found in the green bag which contained the firearm"; that there "was no statement from defendant regarding the firearm"; that "no witness observed defendant holding the firearm on April 20, 2023"; and that the Detective who identified him at trial "testified that she knew defendant and recognized him" on the video captured at the scene of the April 12, 2023 shooting, "however she never documented this fact in any report or affidavit." FMJA ¶ 5. In terms of legal argument, the FMJA offers only that "[t]he decision on sufficiency of evidence in determining a motion for judgment of acquittal is entitled to no deference on appeal which reviews such rulings de novo." FMJA ¶ 6 (citing *United States v. Williams*, 390 F.3d 1390 (11th Cir. 2004)).

Mackie's FMNT is nearly identical to his FMJA. *Compare* FMNT *with* FMJA. The only substantive difference between the two Motions is that Mackie's FMNT demands a new trial rather than a judgment of acquittal. *See* FMNT ¶ 6. In terms of legal argument, the FMNT offers only that "[t]he decision to grant or deny a new trial motion is within the sound discretion of the trial court and will not be overturned on appeal unless the ruling is so clearly erroneous as to constitute an abuse of discretion." *Id.* (citing *United States v. Pedrick*, 181 F.3d 1264 (11th Cir. 1999)). Finally, neither Motion contains any argument challenging the jury's Special Verdict findings on Mackie's prior felonies triggering the ACCA enhancement. *See generally* FMJA; FMNT.

## LEGAL STANDARD

In considering a request for judgment of acquittal under Federal Rule of Criminal Procedure 29(c), "a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction." *United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 1999) (citation omitted). This means a "verdict of guilty must stand if there is substantial evidence to support it 'unless no trier of fact could have found guilt beyond a reasonable doubt.'" *United States v. Toler*, 144 F.3d 1423, 1428 (11th Cir. 1998) (quoting *United States v. Lyons*, 53 F.3d 1198, 1202 (11th Cir. 1995)). Any conflicts in the evidence are resolved in favor of the Government, and all inferences that tend to support the Government's case must be accepted. *See Ward*, 197 F.3d at 1079 (citations omitted). The Court is to determine "whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Id.* (citations omitted); *see also United States v. Medina*, 485 F.3d 1291, 1296–97 (11th Cir. 2007).

Under Federal Rule of Criminal Procedure 33, a court may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The power of a court to grant a new trial under Rule 33 is much broader than the power to grant a motion for acquittal under Rule 29. *See United States v. Ward*, 274 F.3d 1320, 1323 (11th Cir. 2001). The decision to grant or deny a criminal defendant's motion for new trial rests with the district court's sound discretion. *See United States*

*v. Rafferty*, 296 F. App'x 788, 797 (11th Cir. 2008). The trial court is not free, however, to "reweigh the evidence or set aside the verdict simply because it feels some other result would be more reasonable." *Butcher v. United States*, 368 F.3d 1290, 1297 (11th Cir. 2004) (quoting *United States v. Martinez*, 763 F.2d 1297, 1312–13 (11th Cir. 1985)). Finally, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* (quoting *Martinez*, 763 F.2d at 1312–13). This ensures that the district court's judgment is not substituted for that of the jury. *See id.*

There are three elements to a felon in possession charge under 18 U.S.C. § 922(g)(1): (1) the defendant possessed a gun in and affecting interstate commerce, (2) the defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding one year at the time of the gun possession, and (3) that the defendant knew he or she was a felon at the time of the gun possession. *See* 18 U.S.C. § 922(g)(1); Eleventh Circuit Pattern Jury Instruction O34.6; Court's Instructions to the Jury, [ECF No. 64]. A defendant adjudged guilty of violating 18 U.S.C. § 922(g) qualifies for the ACCA enhancement when he or she "has three previous convictions by any court referred to in section 922(g)(1) . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

## **ANALYSIS**

As noted above, the Court's power "to grant a new trial under Rule 33 is much broader than the power to grant a motion for acquittal under Rule 29." *See Ward*, 274 F.3d at 1323. Because both Motions before the Court are factually identical, if the Defendant's argument for a new trial cannot satisfy Rule 33's more forgiving standard, his argument for a judgment of acquittal under Rule 29 must also fail *a fortiori*. Accordingly, the Court first considers Defendant's FMNT under Fed. R. Crim. P. 33 before turning to his FMJA under Fed. R. Crim. P. 29. Last, the Court considers the Defendant's constitutional challenges advanced orally during trial and subsequently renewed in both Motions.

Page 4 of 9

### I. The Motion for New Trial

"On a motion for a new trial based on the weight of the evidence, the court need not view the evidence in the light most favorable to the verdict. It may weigh the evidence and consider the credibility of the witnesses." *Martinez*, 763 F.2d at 1312. However, as noted above, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Butcher*, 368 F.3d at 1297. Here, the evidence adduced at trial and weighed by the jury in reaching a guilty verdict on the 18 U.S.C. § 922(g)(1) charge plainly does not "preponderate heavily against the verdict." *Id.* Accordingly, Defendant's FMNT must be denied.

As to 18 U.S.C. § 922(g)(1)'s first element, the Government's Response explains in detail how the evidence presented at trial sufficed to establish that Defendant possessed a gun in and affecting interstate commerce. Resp. at 5. To establish that the gun traveled in interstate commerce, the Government called ATF Special Agent Adrian Halley, who credibly testified to the interstate nexus of the firearm as well as the ammunition recovered. *See* [ECF No. 62]. To establish that it was indeed Defendant who possessed that firearm, the Government called five other witnesses, who—considered collectively—testified credibly and sufficiently for a reasonable jury to find that Defendant possessed the firearm during the Indictment's April 12, 2023–April 20, 2023 charging window, *see* Indict. at 1. The April 12th witnesses the Government called included Detective Rashawnda Toombs and shooting victim Gregory Black. [ECF No. 60]; [ECF No. 62]. The April 20th witnesses included Detectives Daritza Machado and Javier Gomez, both of whom placed Defendant at the scene of his arrest while in possession of a gun. *See* [ECF No. 62]. Moreover, firearms expert Angela Garvin credibly testified that it was the same gun present on both days. *See* [ECF No. 62]. Finally, video evidence supplementing this testimony captured scenes that a reasonable jury could have understood as depicting Defendant in possession of a gun on the night of April 12th and at the time of his arrest on April 20th. *See generally* [ECF No. 73].

As to 18 U.S.C. § 922(g)(1)'s remaining two elements—that defendant was a convicted felon and was aware of that fact—Defendant and the Government stipulated to both elements prior to trial on October 11, 2023. *See* [ECF No. 73-10]. On the same day, they also stipulated to Defendant's four ACCA-qualifying predicate offenses. *See* [ECF No. 73-11].

The FMNT counters with a series of assertions related to purported evidentiary deficiencies and misidentifications that Defendant's counsel already raised before the jury at trial. *See* FMNT ¶¶ 4–5. Considering the weight of the evidence and the credibility of the witnesses, even when viewed under Rule 33's more forgiving standard, *Martinez*, 763 F.2d at 1312, the Court finds the testimony, stipulations, and other evidence presented at trial were sufficient for a reasonable jury to conclude beyond a reasonable doubt that Defendant possessed a firearm or ammunition in or affecting interstate commerce during the charged conduct period in violation of 18 U.S.C. § 922(g)(1) and that the evidence was also sufficient for the jury's Special Verdict on the ACCA enhancement. In sum, the Court cannot find that "[t]he evidence preponderate[s] heavily against the verdict," *Butcher*, 368 F.3d at 1297, such that a new trial must be required. The Defendant's FMNT is accordingly denied.

### II. The Motion for a Judgment of Acquittal

The Court now turns to Defendant's FMJA. In light of the FMJA's near-complete parity with the FMNT—and having already considered and rejected the FMNT under the more forgiving Rule 33 standard—the Court finds it unnecessary to recapitulate what would amount to essentially identical analysis under the even more Government-friendly Rule 29 judgment-of-acquittal standard. Indeed, the judgment-of-acquittal standard resolves any evidentiary conflicts in favor of the Government and requires the Court to accept all inferences tending to support the Government's case. *See Ward*, 197 F.3d at 1079. Accordingly, the Court finds, in line with the analysis above, that "a reasonable jury could have found the defendant guilty beyond a reasonable

doubt," of violating 18 U.S.C. § 922 (g)(1) and of qualifying for the ACCA enhancement. *Id.* Thus, Defendant's FMJA also warrants denial.

### III. The Motions' Constitutional Claims

Both Motions also raise a series of constitutional challenges, all of which similarly fail. Specifically, the FMJA and FMNT include the following identical statements: "The defense renews all prior motions and objections including, motions to dismiss advanced under the Second Amendment (basic right to bear arms); the Fifth Amendment (Double Jeopardy; re-punishment for prior criminal judgments); and the Eighth Amendment (Cruel and unusual punishment)." FMJA ¶ 2; FMNT ¶ 2. As a preliminary matter, where a defendant's motion is "vague and conclusory" and "fails to provide any basis to grant" the motion, it should be denied. *See United States v. Gossett*, 877 F.2d 901, 904 (11th Cir. 1989).

Turning first to Defendant's Second Amendment challenge, as the Government rightly notes, neither Motion provides additional argument or analysis as to the specific contours of the Second Amendment challenge Defendant seeks to raise. The Court accordingly construes Defendant's argument as one constitutionally contesting 18 U.S.C. § 922(g)(1)'s prohibition on convicted felons possessing firearms—a theory and argument the Eleventh Circuit has squarely rejected. *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010), *cert. denied*, 560 U.S. 958 (2010) ("Thus, statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people. [Defendant], by virtue of his felony conviction, falls within such a class."); *see also Leonard v. United States*, No. 22-22670, 2023 WL 2456042, at *9 (S.D. Fla. Mar. 10, 2023) ("The Supreme Court has repeatedly confirmed that the Second Amendment allows the government to prohibit convicted felons from possessing firearms."). *Rozier* is the current law in this Circuit, and both Motions fail to advance any argument as to why such controlling precedent should be disregarded here. Accordingly, Defendant's Second Amendment challenge fails.

The Motions' Fifth Amendment claims fare no better. Though vaguely stated, Defendant seems to suggest that his concurrent federal and state prosecutions for being a felon in possession of a firearm violate the Fifth Amendment's Double Jeopardy Clause and that 18 U.S.C. § 922(g)(1) unconstitutionally punishes prior convicted conduct. *See* FMJA ¶ 2; FMNT ¶ 2. But as the Government rightly notes, recent Supreme Court precedent clearly forecloses Defendant's concurrent-prosecutions argument. *See Gamble v. United States*, 139 S. Ct. 1960, 1964–65 (2019) (holding the dual-sovereignty doctrine permitted both Alabama's prosecution of Defendant for unlawfully possessing a firearm as a convicted felon under Alabama law as well as a subsequent federal prosecution for violating 18 U.S.C. § 922(g)(1)). Thus, Defendant's concurrent-prosecutions challenge here also fails.

And to the extent Defendant argues a conviction under § 922(g)(1) amounts to "repunishment for prior criminal conduct," FMJA ¶ 2; FMNT ¶ 2, binding Supreme Court and Eleventh Circuit precedent also foreclose this argument. *See, e.g.*, *Monge v. California*, 524 U.S. 721, 728 (1998) ("An enhanced sentence imposed on a persistent offender thus 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes' but as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'" (quoting *Gryger v. Burke*, 334 U.S. 728, 732 (1948)); *United States v. Carey*, 943 F.2d 44, 46 n.4 (11th Cir. 1991); *see also United States v. Wallace*, 889 F.2d 580, 584 (11th Cir. 1989) (holding the district court's reliance upon the same felony to ground a conviction under 18 U.S.C. § 922(g)(1) as well as an ACCA enhancement under 18 U.S.C. § 924(e)(1) did not run afoul of the Double Jeopardy Clause). Accordingly, Defendant's double-jeopardy challenge fails.

Defendant's final constitutional challenge takes the form of an Eighth Amendment "cruel and unusual punishment" challenge. *See* FMJA ¶ 2; FMNT ¶ 2. Though once again vaguely worded, the Court construes this as a challenge to ACCA's penalty provision, codified at 18 U.S.C. § 924(e), which requires the Court to impose a 15-year mandatory minimum sentence as a result

of Defendant's ACCA Stipulation, [ECF No. 73-11], and the jury's Special Verdict finding, [ECF No. 69]. As a threshold matter, the Court notes that Defendant's Eighth Amendment challenge to his ACCA sentencing enhancement is premature given that the Court has not yet pronounced a sentence. In any event, even if Defendant's Eighth Amendment challenge were not premature, binding Eleventh Circuit precedent would nonetheless foreclose it. *See United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir. 2000) (holding ACCA's sentencing provisions, including its mandatory minimum sentence, do not violate the Eighth Amendment); *see also United States v. Williamson*, No. 19-14523, 2022 WL 68623, at *8 (11th Cir. Jan. 7, 2022), *cert. denied*, 143 S. Ct. 625 (2023) (holding prior cases finding that youth mattered in sentencing do not suggest the ACCA enhancement violates the Eighth Amendment). Accordingly, Defendant's Eighth Amendment challenge also fails.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's First Motion for Judgment of Acquittal, [ECF No. 78], and First Motion for a New Trial, [ECF No.77], are **DENIED**.

**DONE AND ORDERED** in Miami, Florida this 6th day of January, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**